IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDAL AVERY BLAND                :

    v.                            :    Civil Action No. DKC 09-2835

CHARLES COUNTY PUBLIC SCHOOLS     :

**MEMORANDUM OPINION**

Presently pending and ready for review in this action is a motion to dismiss filed by Defendant Charles County Public Schools.[1] (Paper 6). The clerk of the court notified Plaintiff of the pendency of the motion and the necessity for filing a response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response was received. The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. Background**

Plaintiff filed a complaint for employment discrimination in this court on October 29, 2009. (Paper 1). Plaintiff's complaint states that he was terminated from his employment on May 30, 2008, he filed charges with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2008, and he

---

[1] As discussed below, the proper Defendant in this case is the Board of Education of Charles County, not the Charles County Public Schools.

received a right to sue letter from the EEOC on June 29, 2009. (*Id.* at 2-3). Plaintiff attached to his complaint two letters from the EEOC, which notified Plaintiff of his right to sue and explained that the EEOC dismissed Plaintiff's retaliation charge because it was not supported by the evidence available to the EEOC. (Paper 1, Attach. 2). Defendant filed a motion to dismiss Plaintiff's complaint on December 29, 2009. (Paper 6).

## II. Motion to Dismiss

### A. Misnomer

Defendant argues that Plaintiff's complaint should be dismissed because the proper party to this action is Board of Education of Charles County (the "Board"), not Charles County Public Schools. "As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled." *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947). The court noted that:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

2

*Id.* While the proper Defendant in this case is the Board of Education of Charles County, Plaintiff's complaint will not be dismissed because of this misnomer.

**B. Service of Process**

Defendant also argues that Plaintiff's complaint should be dismissed because the Board was improperly served under Fed.R.Civ.P. 5 and 4(j). Defendant asserts that an agent of the Board was served with a writ of summons, and that proper service under Rule 4(j) would have required delivery of the writ of summons and a copy of Plaintiff's complaint to the Superintendent of the Schools. If the complaint was not properly served on the Board, the United States Marshalls Service is responsible for that error. At this late date, however, the court will not quash service of the complaint or dismiss the suit on this ground.

**C. Timely Filing**

Defendant argues that Plaintiff's suit should be dismissed for untimely filing. (Paper 6, Attach. 1, at 3 n.9).

To assert a cause of action under Title VII or the Americans with Disabilities Act, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984)(ruling that a

3

claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days). The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Nevertheless, the ninety-day timing requirement is strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987)(ruling that an action filed ninety-one days after the claimant's wife received the notice was untimely).

Here, the EEOC sent Plaintiff a right to sue letter on June 24, 2009 and Plaintiff asserts that he received the letter on June 29, 2009. The EEOC letter warned, "Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this notice**; otherwise, your right to sue based on this charge will be lost." (Paper 1, Attach. 1)(emphasis in original). September 27, 2009 was the latest date that Plaintiff could have timely filed his suit, but Plaintiff filed his complaint on October 28, 2009. Therefore, Plaintiff's suit is barred for untimely filing and will be dismissed.

**D. Failure to State a Claim**

Defendant argues that, even if Plaintiff's suit were timely filed, Plaintiff has failed to state a claim upon which relief could be granted. (Paper 6, Attach. 1, at 9).

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

While courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 Fed.Appx. 9 (4th Cir. 2005)(unpublished).

Presumably, Plaintiff alleges that the termination of his employment on May 30, 2008 was the result of unlawful employment discrimination. While Fed.R.Civ.P. 8(a)(2) "does not require 'detailed factual allegations,'" it does "demand [] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's complaint does not allege any facts to support his discrimination claim. Therefore, Plaintiff's complaint will be dismissed for failure to state a claim.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge